**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **KENNY LATTIMORE, ET AL.** | : | |
| ***Plaintiffs,*** | : | |
| **v.** | : | **Civil No. 3:26-cv-00242 (SRU)** |
| **SRG/ILS GROUP, LLC** | : | |
| ***Defendant.*** | : | |

## ANSWER & AFFIRMATIVE DEFENSES

The defendant, SRG/ILS Group, LLC ("Defendant"), by and through its undersigned counsel, respectfully submits this answer and affirmative defenses in response to the complaint of the plaintiffs, Kenny Lattimore and Sincere Soul Records, LLC (collectively, "Plaintiffs"), at ECF No. 1, as follows:

## ANSWER

To the extent that any headings, titles, or other descriptive matter in the Complaint amount to allegations requiring a response, Defendant respectfully denies all such allegations.

## NATURE OF THE ACTION

To the extent that any matter set forth in the "Nature of the Action" section amounts to an allegation requiring a response, Defendant respectfully denies all such allegations.

## PARTIES

1–2. Defendant lacks knowledge or information sufficient to form a belief about the truth of these paragraphs and, therefore, leaves Plaintiffs to their proof.

3. Denied that Defendant is a limited liability company. The balance of this paragraph is admitted.

4. Denied that "Claude Villani is a member . . . of SRG." The balance of this paragraph is admitted.

5. Denied.

## JURISDICTION AND VENUE

6–8. Defendant lacks knowledge or information sufficient to form a belief about the truth of these paragraphs and, therefore, leaves Plaintiffs to their proof.

## FACTUAL ALLEGATIONS

9. Admitted except insofar as this paragraph implies that the plaintiff, Kenny Lattimore, is a party to the Licensing Agreement. As to any such implication, Defendant lacks knowledge or information sufficient to form a belief about its truth and, therefore, leaves Plaintiffs to their proof.

10. Admitted.

11. The allegation set forth in this paragraph is a legal conclusion purporting to characterize the terms of a written agreement. The agreement speaks for itself. To the extent that a response is required, admitted.

12–13. The allegations set forth in these paragraphs are legal conclusions purporting to characterize the terms of a written agreement. The agreement speaks for itself. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of these paragraphs and, therefore, leaves Plaintiffs to their proof.

14. Denied that there were any "breaches." As to the balance of this paragraph, Defendant lacks knowledge or information sufficient to form a belief about its truth and, therefore, leaves Plaintiffs to their proof.

15–19. The allegations set forth in these paragraphs are legal conclusions purporting to characterize the terms of a written agreement. The agreement speaks for itself. To the extent that a response is required, Defendant denies the allegations of these paragraphs.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph and, therefore, leaves Plaintiffs to their proof.

21. The allegations set forth in this paragraph are legal conclusions purporting to characterize the terms of a written agreement. The agreement speaks for itself. To the extent that a response is required, denied.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph and, therefore, leaves Plaintiffs to their proof.

23. Admitted that from September 2022 through December 2024, SRG received revenues. As to the balance of this paragraph, Defendant lacks knowledge or information sufficient to form a belief about its truth and, therefore, leaves Plaintiffs to their proof.

24. Admitted that the Here To Stay project generated revenue. As to the balance of this paragraph, Defendant lacks knowledge or information sufficient to form a belief about its truth and, therefore, leaves Plaintiffs to their proof.

25. Admitted that SRG has received revenues from distributors. As to the balance of this paragraph, including Plaintiffs' characterization of such revenues as "Net Receipts," Defendant lacks knowledge or information sufficient to form a belief about its truth and, therefore, leaves Plaintiffs to their proof.

26. Denied.

27. Admitted that the Masters generated revenue after December 31, 2024. As to the balance of this paragraph, including Plaintiffs' characterization of such revenues as "Net Receipts," Defendant lacks knowledge or information sufficient to form a belief about its truth and, therefore, leaves Plaintiffs to their proof.

28–30. Admitted.

31–33. Denied.

34. Admitted.

35–38. Denied.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph and, therefore, leaves Plaintiffs to their proof.

40–42. The allegations set forth in these paragraphs are legal conclusions purporting to characterize the terms of a written agreement. The agreement speaks for itself. To the extent that a response is required, denied.

43–45. Denied.

46–47. Denied.

48. Defendant lacks knowledge or information sufficient to form a belief

about the truth of this paragraph and, therefore, leaves Plaintiffs to their proof.

49–50. Denied.

51–52. Admitted

53. The allegations set forth in this paragraph are legal conclusions purporting to characterize the content of a written document. The document speaks for itself. To the extent that a response is required, denied.

54. "SRG received the 2024 Demand Letter" is admitted. The balance of this paragraph is denied.

55. Denied.

56–58. The allegations set forth in these paragraphs are legal conclusions purporting to characterize the terms of a written agreement. The agreement speaks for itself. To the extent that a response is required, denied.

59. The allegations set forth in this paragraph are legal conclusions purporting to characterize the content of a written document. The document speaks for itself. To the extent that a response is required, denied.

60–61. Defendant lacks knowledge or information sufficient to form a belief about the truth of these paragraphs and, therefore, leaves Plaintiffs to their proof.

62. Denied.

62.A.1. Denied.

62.A.2.–A.3. Defendant lacks knowledge or information sufficient to form a belief about the truth of these paragraphs and, therefore, leaves Plaintiffs to their proof.

62.B.1. Denied.

62.B.2. Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph and, therefore, leaves Plaintiffs to their proof.

62.B.3. Denied.

62.C.1–C3. Defendant lacks knowledge or information sufficient to form a belief about the truth of these paragraphs and, therefore, leaves Plaintiffs to their proof.

62.C.4. Denied.

63–64. Denied.

65–67. Defendant lacks knowledge or information sufficient to form a belief about the truth of these paragraphs and, therefore, leaves Plaintiffs to their proof.

68–83. Denied.

**COUNT I – BREACH OF CONTRACT**

84. Defendant respectfully incorporates its responses to paragraphs 1 through 83.

85. Admitted except insofar as this paragraph implies that the plaintiff, Kenny Lattimore, is a party to the Licensing Agreement. As to any such implication, Defendant lacks knowledge or information sufficient to form a belief about its truth and, therefore, leaves Plaintiffs to their proof.

86. This paragraph states one or more legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of this

paragraph and, therefore, leaves Plaintiffs to their proof.

87. Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph and, therefore, leaves Plaintiffs to their proof.

88. The allegations set forth in this paragraph are legal conclusions purporting to characterize the terms of a written agreement. The agreement speaks for itself. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph and, therefore, leaves Plaintiffs to their proof.

89–94. Denied.

**COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

95. Defendant respectfully incorporates its responses to paragraphs 1 through 94.

96. Admitted except insofar as this paragraph implies that the plaintiff, Kenny Lattimore, is a party to the Licensing Agreement. As to any such implication, Defendant lacks knowledge or information sufficient to form a belief about its truth and, therefore, leaves Plaintiffs to their proof.

97. The allegations of this paragraph state one or more legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph and, therefore, leaves Plaintiffs to their proof.

98. The allegations set forth in this paragraph are legal conclusions purporting to characterize the terms of a written agreement. The agreement speaks

for itself. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph and, therefore, leaves Plaintiffs to their proof.

99–103. Denied.

**COUNT III - ACCOUNTING**

104. Defendant respectfully incorporates its responses to paragraphs 1 through 103.

105. Denied that SRG has been in "exclusive" possession, custody, and control of the information, items, and materials listed. The balance of this paragraph is admitted.

106–108. Denied.

**COUNT IV – CUTPA**

109. Defendant respectfully incorporates its responses to paragraphs 1 through 108.

110. The allegations of this paragraph state one or more legal conclusions to which no response is required. To the extent that a response is required, denied.

111–122. Denied.

**AFFIRMATIVE DEFENSES**

Without (a) conceding the truth of the allegations in the Complaint; (b) waiving the fact that some or all of the following matters have already been placed at issue by the allegations of the Complaint; or (c) admitting that Defendant bears the burden of proof on the matters listed, Defendant asserts the following

affirmative defenses:

1. Some or all of Plaintiffs' claims fail to state claims upon which relief may be granted.

2. Some or all of Plaintiff's claims are barred, in whole or in part, by settlement, including accord and satisfaction.

3. Some or all of Plaintiffs' claims are barred, in whole or in part, by waiver and estoppel.

4. Some or all of Plaintiffs' claims are barred, in whole or in part, due to the existence of adequate remedies at law.

*Respectfully submitted*,

**DEFENDANT**,
**SRG/ILS GROUP, LLC,**

Dated April 16, 2026
New Haven, Connecticut

BY: /s/ Dennis M. Carnelli
Dennis M. Carnelli (ct30050)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
E-Mail: dcarnelli@npmlaw.com
Tel: (203) 821-2000
Fax: (203) 821-2008

*and*

Alan Neigher (ct00134)
1804 Post Road East
Westport, CT 06880
E-Mail: aneigher41@gmail.com
Tel: (203) 259-0599
Fax: (203) 255-2570

*Its Attorneys*