**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **KENNY LATTIMORE, ET AL.** | : | |
| | : | |
| ***Plaintiffs,*** | : | |
| | : | |
| **v.** | : | **Civil No. 3:26-cv-00242 (SRU)** |
| | : | |
| **SRG/ILS GROUP, LLC** | : | |
| | : | |
| ***Defendant.*** | : | |

**MOTION TO QUASH OR MODIFY SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the defendant, SRG/ILS Group, LLC ("SRG"), respectfully moves to quash or modify the subpoena issued by the plaintiffs, Kenny Lattimore ("Lattimore") and Sincere Soul Records, LLC ("SSR" and, together with Lattimore, collectively "Plaintiffs") upon non-party Virgin Music Group ("Virgin") directing Virgin to produce documents containing confidential commercial information. FED. R. CIV. P. 45(d)(3). A true and correct copy of the subpoena, which Plaintiffs caused to be served on June 1, 2026 and which sets a compliance deadline of June 26, 2026, is appended at Exhibit 1 (the "Subpoena").

Plaintiffs failed to provide notice and serve a copy of the Subpoena on SRG at all, let alone before serving it on Virgin, as required by Rule 45(a)(4) of the Federal Rules of Civil Procedure. SRG accordingly seeks an order quashing the Subpoena or, at minimum, modifying the Subpoena to stay the compliance date until such time that SRG has the opportunity that, but-for the lack of notice, it would have had to meet-and-confer with Plaintiffs regarding the requests for production set

forth in the Subpoena and, if necessary thereafter, to object, to seek protection, seek to quash, and/or seek to modify the Subpoena.

**BACKGROUND, FACTS, AND PROCEDURAL HISTORY**

On June 1, 2026, Plaintiffs served the Subpoena on Virgin. Subpoena, at p. 2 of 12. Compliance is due from Virgin by Friday, June 26, 2026. *Id.*, at p. 3 of 12. Plaintiffs did not provide SRG with a copy of the Subpoena before serving it upon Virgin as required by Rule 45. SRG, rather, learned of the Subpoena for the first time on Friday, June 19, 2026—some four business days before compliance is due on Friday, June 26, 2026.

The Subpoena contains seven requests for production of documents. Subpoena, at pp. 10–11 of 12. Most, if not all, of the seven requests seek production of documents containing confidential and sensitive commercial information that, in SRG's view, will require some level of confidentiality designation under the Standing Protective Order. *Id.*; *see* Standing Protective Order, 02/18/2026, ECF No. 5. Request numbers two through six seek documents containing such confidential commercial information relating to Plaintiffs' album entitled "Here to Stay," but also regarding "associated sound recordings" or "related releases." Subpoena, at pp. 10–11 of 12. It is not clear whether the requests referencing "associated sound recordings" and "related releases" capture documents that are not relevant to any claim or defense—for example, documents containing confidential commercial or other information regarding persons other than Plaintiffs with whom SRG has a business relationship.

Had SRG been provided appropriate notice of the Subpoena, it would have had the opportunity to timely confer with Plaintiffs regarding the foregoing, as well as other scope, relevancy, privilege, and confidentiality issues posed by such requests—all of which are relatively straightforward issues that, in SRG's view, are very likely capable of resolution without judicial intervention. The lack of notice, however, has prejudiced SRG by depriving it of a timely opportunity to address such issues before confidential and/or potentially irrelevant materials pertaining to others with whom SRG has a business relationship were placed at risk of disclosure.

Additional facts and procedural history will be set forth where necessary.

## LEGAL ANALYSIS

### A. The Subpoena should be quashed for Plaintiffs' failure to comply with Rule 45(a)(4).

Rule 45(a)(4) requires a party issuing a subpoena to serve "a notice and a copy of the subpoena" on every other party before serving it on the person commanded to produce documents. FED. R. CIV. P. 45(a)(4). Indeed, the Subpoena form itself emphasizes that for any subpoena commanding pretrial production, "a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed." Subpoena, at p. 3 of 12. "The requirement that prior notice must be given has important underpinnings of fairness and efficiency." *Cootes Drive LLC* v. *Internet L. Libr., Inc.*, No. 01 CIV. 0877 (RLC), 2002 WL 424647, at *2 (S.D.N.Y. Mar. 19, 2002). "The purpose of the requirement of prior notice is to afford the other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or

things. As one court has noted, the law could not be clearer concerning an attorney's responsibility when issuing third-party subpoenas." *Henry v. Bristol Hosp., Inc.*, No. 3:13-CV-00826 (AVC), 2015 WL 3466807, at *2 (D. Conn. June 1, 2015) (cleaned up) (quoting *Schweizer v. Mulvehill*, 93 F.Supp.2d 376, 411 (S.D.N.Y.2000) and *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. 220, 222 (W.D.N.Y.2000)).

A court may, but is not required to, quash a subpoena for lack of notice where the aggrieved party is prejudiced. *Id.*, at *3. To determine whether a party is prejudiced by lack of notice of a subpoena to a non-party, "courts look to a number of factors, including, but not limited to, the period of delay in providing notice, any pattern of noncompliance with rules of procedure, the conduct of the serving party if documents were obtained after untimely notice, and whether the subpoena is otherwise objectionable." *Id.* (cleaned up) (quoting *Zinter Handling, Inc. v. Gen. Elec. Co.*, No. 04–CV–500 (GLS/DRH), 2006 WL 3359317, at *2 (N.D.N.Y. Nov. 16, 2006)). Here, SRG has been prejudiced by the lack of notice from Plaintiffs.

To begin with, Plaintiffs did not provide SRG with notice and a copy of the Subpoena at all, let alone before serving it on Virgin. Such failure deprived SRG of the opportunity to timely confer, object, quash, and/or seek protection prior to Plaintiffs' service of the Subpoena upon Virgin. At minimum, the lack of notice risked disclosure of confidential commercial information without appropriate designations under the Standing Protective Order, as well as potentially irrelevant documents or confidential information concerning non-parties with whom SRG has

a business or other relationship. Such failure frustrates Rule 45's purpose of permitting parties to protect their interests in connection with third-party discovery seeking, among other things, proprietary information, trade secrets, and/or confidential commercial information. FED. R. CIV. P. 45(d)(3)(B).

As to a pattern of noncompliance with rules of procedure, this factor weighs in favor of prejudice. This is not the first instance where Plaintiffs failed to comply with their obligations under the Federal Rules of Civil Procedure and/or where SRG has been compelled to expend unnecessary time and resources addressing such failures.[1]

The factor regarding the conduct of the serving party after obtaining documents is not applicable because, on information and belief, Virgin has not yet produced any documents in response to the Subpoena.

As to whether the Subpoena is otherwise objectionable, SRG contends that it is—albeit for the scope, relevancy, privilege, and confidentiality issues posed by the requests for production that are outlined *infra* in the preceding section. SRG again emphasizes that, in its view, such issues are relatively straightforward and should be capable of resolution without Court intervention.

For those reasons, the Court should quash the subpoena without prejudice to

[1]Specifically, Plaintiffs did not serve their initial disclosures, which were due on May 29, 2026, until June 17, 2026. *See* Joint 26(f) Report, 04/29/2026, ECF No. 21; Order, 05/04/2026, ECF No. 22. In addition, following the parties' planning meeting on April 9, 2026 pursuant to Rule 26(f)—at which Plaintiffs volunteered to memorialize a proposed 26(f) report to provide SRG substantially in advance of the April 23, 2026 filing deadline—Plaintiffs waited until the morning of the filing deadline of April 23, 2026 to forward a copy of their proposed 26(f) report to SRG. The report, unfortunately, was in a form that did not comply with Local Rule 26. As a result, SRG had to expend time and resources re-drafting and, thereafter, filing the report nearly one week late on April 29, 2026. *Id.*

Plaintiffs re-serving it in accordance with all applicable rules of the Federal Rules of Civil Procedure and the D. Conn. Local Rules of Civil Procedure—including providing a copy of the subpoena and notice of the same to SRG before serving it on a non-party.

**B. At minimum, the circumstances justify modifying the Subpoena and staying the compliance deadline.**

If not quashed outright, then SRG submits that Plaintiffs' failure to notify SRG of the Subpoena as required by Rule 45(a)(4) justifies an order that, among other things, stays the Subpoena's June 26, 2026 compliance date and provides SRG with the opportunity to raise and resolve any objections and/or confidentiality issues concerning the request for production in the Subpoena.

## CONCLUSION AND RELIEF REQUESTED

Wherefore, SRG moves the Court to issue an order:

1. Prohibiting Plaintiffs from using or disseminating any materials obtained to date pursuant to the Subpoena;

2. Quashing the Subpoena to Virgin without prejudice to service of a new subpoena following proper notice to SRG as required by the Rule 45(a)(4) of the Federal Rules of Civil Procedure; *or, in the alternative*;

3. Modifying the Subpoena to:

    a. Stay the current Subpoena compliance deadline of June 26, 2026;

    b. Direct that Virgin shall not produce any documents or information pursuant to the Subpoena pending the agreement of the parties or further order of this Court;

c. Direct that the parties, as soon as practicable, confer in good faith concerning any objections to the requests for production in the Subpoena, as to the appropriate confidentiality treatment for any documents produced in response to the Subpoena, and as to any other issues regarding the Subpoena;

d. The parties may establish a new compliance date by written agreement and without further order of the Court;

e. If the parties cannot agree on a new compliance date, the resolution of any objection(s), confidentiality treatment, and/or other issues regarding the Subpoena, then compliance with the Subpoena shall remain stayed pending further order of this Court; and

f. Prohibit Plaintiffs from using or disseminating any materials obtained to date pursuant to the Subpoena;

4. Granting such other and further relief as the Court deems just and proper.

*Respectfully submitted*,

**DEFENDANT**,
**SRG/ILS GROUP, LLC,**

Dated June 22, 2026
New Haven, Connecticut

BY: /s/ Dennis M. Carnelli
Dennis M. Carnelli (ct30050)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
E-Mail: dcarnelli@npmlaw.com
Tel: (203) 821-2000
Fax: (203) 821-2008

*Its Attorneys*